UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BRAD WALKER, et al.

        Plaintiffs,

v.

CITY OF NEWARK, et al.

        Defendants.

Civ. No. 19-16853 (KM)(ESK)

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

    Defendants City of Newark and Police Officers Maurice McKelvin, Zaynah Pickett, and Dwayne Mays, Jr.[1] move to dismiss the First Amended Complaint of Plaintiffs Brad Walker ("Mr. Walker") and Makeitha Walker ("Ms. Walker"). For the reasons provided herein, I will grant in part and deny in part the motion. In particular, I will dismiss Plaintiffs' *per quod* claims against Newark. I will also dismiss on consent the inadvertently added claims for punitive damages against Newark, the claim for negligent infliction of emotional distress against Newark, and the claims for false arrest. However, I decline to dismiss Plaintiffs' constitutional claims.

**I.    Summary[2]**

    For purposes of this motion to dismiss, I accept as true the allegations in the First Amended Complaint.

---

[1]    The Court granted the request of Police Officers McKelvin, Pickett, and Mays to join in the City of Newark's motion to dismiss.

[2]    Citations to certain items in the record will be abbreviated as follows.:

    "DE" = Docket entry number in this case.

    "Compl." = Plaintiffs' Complaint (DE 1-1 at pp. 5-31)

    "1AC" = First Amended Complaint (DE 49)

1

### a. Factual Allegations

This matter arises from the arrest and assault of Mr. Walker by Newark Police Officers Zaynah Pickett, Maurice McKelvin, Czezre Adams, and Dwayne Mays ("Individual Defendants"). The facts were described in this Court's Amended Opinion[3] (DE 40) on Defendants' motion (DE 9) to dismiss Plaintiffs' initial complaint. I recap those allegations here, adding cites to the First Amended Complaint to the extent it repeats the factual allegations of the initial complaint.

> Plaintiff Brad Walker and his family own and operate the Allure Lounge, located at 417 Halsey Street in Newark, New Jersey. [(Compl. ¶2; 1AC ¶2)] The Complaint alleges that on June 2, 2018, Mr. Walker was working at the lounge while an individual who he later learned was Detective Pickett of the Newark Police Department was hosting a gathering. [(Compl. ¶3; 1AC ¶3)] Other individuals, also later identified as Newark police officers, were in attendance, including Defendants Adams, Mays Jr., and McKelvin. [(Compl. ¶3; 1AC ¶3)] At some point, Mr. Walker was told that someone in that group had impermissibly brought liquor purchased elsewhere into the lounge. [(Compl. ¶4; 1AC ¶4)] Walker alleges that upon hearing this, he tried to enter the lounge (it is not clear where Walker was coming from). [(Compl. ¶4; 1AC ¶4)] An unidentified individual assaulted him from behind by pushing him. [(Compl. ¶4; 1AC ¶4)] Another individual began screaming at him and threatened to harm him. [(Compl. ¶4; 1AC ¶4)] Walker did not engage with those individuals and instead kept walking into the lounge. [(Compl. ¶4; 1AC ¶4)] Unspecified defendants then got into a verbal altercation with another customer of the lounge. [(Compl. ¶5; 1AC ¶5)] Walker, although scared, tried to intervene, at which point he was pushed by another defendant and again physically threatened. [(Compl. ¶¶5–6; 1AC ¶¶5-6)]

> Mr. Walker retreated to his second floor office. [(Compl. ¶6; 1AC ¶6)] From there he could see a crowd of customers gathering below him on the street. [(Compl. ¶7; 1AC ¶7)] Walker grabbed a legally registered gun and "placed it on his person." [(Compl. ¶8;

---

[3] The Amended Opinion amends the previously filed Opinion (DE 38) to add fn. 11 at p. 16, citing the recent Third Circuit case of *James v. NJ State Police*, 957 F.3d 165 (3d Cir. 2020). The previously filed order (DE 39) remains in effect.

1AC ¶8)] He returned to the lounge and approached the individual later identified as Defendant Pickett to ask her what was going on. [(Compl. ¶9; 1AC ¶9)] Officer Pickett allegedly responded by punching and kicking Walker. [(Compl. ¶9; 1AC ¶9)] Walker attempted to back away from Pickett, which caused three or four other defendants to "charge" him. [(Compl. ¶10; 1AC ¶10)] Walker then pulled out his gun and fired a single shot into the air. [(Compl. ¶11; 1AC ¶11)] Unspecified defendants responded by attempting to shoot Walker, but all of their shots missed. [(Compl. ¶¶11–12; 1AC ¶¶11-12)] Walker alleges that at no point prior to the start of the shooting did any individual announce that he or she was a Newark police officer. [(Compl. ¶12; 1AC ¶12)]

At this point, however, he heard someone yell "Newark Police" which caused him to lie down on the ground and put his weapon down. [(Compl. ¶13; 1AC ¶13) While he was on the ground, Defendants handcuffed him and started kicking him. [(Compl. ¶14; 1AC ¶14)] Defendants then pulled Walker off the ground and one of them used a gun to hit Walker above his left eye. [(Compl. ¶14; 1AC ¶14)] Mr. Walker began bleeding as the kicking continued. [(Compl. ¶¶15–16; 1AC ¶¶15-16)] It was only when an employee informed defendants that Walker owned the lounge that they stopped beating him. [(Compl. ¶16; 1AC ¶16)] The defendants called the Newark police department and left the scene, leaving Walker handcuffed on the ground. [(Compl. ¶18; 1AC ¶18)]

When different Newark officers arrived on scene, Mr. Walker was still on the ground, handcuffed and bleeding. [(Compl. ¶19; 1AC ¶19)] These officers placed him in a police vehicle, where he remained for 10 hours. [(Compl. ¶21; 1AC ¶21)] He witnessed other police officers collecting spent shells—an effort, he says, to cover up the shooting that had occurred earlier. [(Compl. ¶22; 1AC ¶22)] Ultimately, Mr. Walker was arrested and placed in jail. [(Compl. ¶23; 1AC ¶23)]

(DE 40 at 2-3).

### b. Procedural History

In June 2019, Plaintiffs filed a complaint against the Individual Defendants, the County of Essex, and the City of Newark in the Superior Court of New Jersey, Essex County. (DE 1-1 at 2, 5-31). The initial complaint asserted the following causes of action:

**Count 1**: New Jersey Civil Rights Act ("NJCRA") under N.J. Stat. Ann. § 10:6-2, et seq. (asserted against all Defendants);

**Count 2**: Negligent Infliction of Emotional Distress ("NIED") (asserted against Newark and the Individual Defendants);

**Count 3**: Intentional Infliction of Emotional Distress ("IIED" (asserted against the Individual Defendants);

**Count 4**: Official Misconduct (asserted against all Defendants);

**Count 5**: Assault (asserted against the Individual Defendants);

**Count 6**: Negligent Supervision, Hiring and Retention (asserted against Newark and Essex County);

**Count 7**: Negligence (asserted against all Defendants);

**Count 8**: Conspiracy to Violate Constitutional Rights under the NJCRA and 42 U.S.C. §§ 1983, 1985 (asserted against the Individual Defendants);

**Count 9**: Punitive Damages under State Law (asserted against the Individual Defendants);

**Count 10**: Constitutional Violations under 42 U.S.C. §§ 1981, 1983, 1985, 1986 (asserted against the Individual Defendants);

**Count 11**: Constitutional Violations under 42 U.S.C. §§ 1983, 1985, 1986, 1988 (asserted against Newark and Essex County);

**Count 12**: Punitive Damages under Federal Law (asserted against the Individual Defendants); and

**Count 13**: Per Quod (asserted against all Defendants).

Defendants subsequently removed the action to this Court. (DE 1). On October 25, 2019, Newark filed a motion (DE 9) to dismiss certain counts of Plaintiff's initial complaint, which I granted in part and denied in part on June 30, 2020 (DE 39, 40). Plaintiffs voluntarily dismissed the claims against Essex. (DE 25, DE 27).

As a result of the June 30 Order, for the reasons explained in the Amended Opinion (DE 40), certain counts were dismissed, some with prejudice. The claims dismissed **with prejudice** were these:

> **Count 3** (IIED) asserted against Newark
>
> **Counts 9** and **12** (Punitive Damages) asserted as standalone claims against the Individual Defendants
>
> All **punitive damages** claims against Newark.

(DE 39 at 1-2).

The claims dismissed **without prejudice** were these:

> **Count 2** (NIED) asserted against all Defendants
>
> **Count 3** (IIED) asserted against the Individual Defendants
>
> **Count 4** (Official Misconduct) asserted against all Defendants
>
> **Count 6** (Negligent Supervision/Hiring) asserted against Newark
>
> **Count 7** (Negligence) asserted against all Defendants
>
> **Count 8** (Conspiracy to Violate Constitutional Rights) asserted against the Individual Defendants
>
> **Counts 1** (NJCRA), **10** (Section 1983), and **11** (Section 1983), as against all Defendants insofar as they assert claims for false arrest
>
> **Counts 10** and **11** insofar as they assert claims under Sections 1981, 1985, 1986, and 1988

(DE 39 at 2).

The claims that remained after the June 30 Order, *i.e.,* those *not* dismissed, were these:

> **Count 1** (NJCRA) as against all Defendants for use of excessive force
>
> **Count 5** (Assault) as against the Individual Defendants
>
> **Count 10** (Section 1983) asserted against the Individual Defendants for use of excessive force
>
> **Count 11** (Section 1983) as against Newark for use of excessive force
>
> **Count 13** (Per quod) as against all Defendants

(*Id.*).

Thereafter, Plaintiffs filed a First Amended Complaint. (DE 49, cited as "1AC")[4] which asserts the following claims:

**Count 1**: NJCRA against all Defendants;
**Count 2**: NIED (and punitive damages) against all Defendants;
**Count 3**: IIED against the Individual Defendants;
**Count 4**: Assault against the Individual Defendants;
**Count 5**: Section 1983 (false arrest and excessive force) against the Individual Defendants;
**Count 6**: Section 1983 (false arrest and excessive force) against Newark
**Count 7**: (Per quod) against all Defendants.

Defendants now move (DE 54) to dismiss the First Amended Complaint. Plaintiffs concede that the following claims are deficient and consent to their dismissal:

**Count 2** (NIED) as against the City, including the claim for **punitive damages**; and

**Counts 5** and **6** to the extent they assert a false arrest claim.

(DE 61 at 8-9). Therefore, they will be dismissed.

What remain, then, for purposes of deciding this motion, are the following claims:

**Count 1** (NJCRA) as against all Defendants

**Count 2** (NIED) as against the Individual Defendants

**Count 3** (IIED) against the Individual Defendants;

**Count 4** (Assault) against the Individual Defendants;

**Count 5**: (Section 1983 excessive force claim) against the Individual Defendants;

**Count 6** (Section 1983 excessive force claim) against Newark; and

**Count 7** (Per quod) against all Defendants.

---

[4] Plaintiffs filed two Amended Complaints (DE 47, DE 48). The Court reviews the most recently filed (DE 48) as the operative pleading, but believes they are duplicates.

## II. Discussion

### a. Legal Standard

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).

That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

### b. Count 7 *Per Quod* Claim against Newark

Defendants submit that the City is immune from Ms. Walker's *per quod* claim for the following reasons. First, this Court held that Ms. Walker's *pro quod* claim is derivative of Mr. Walker's underlying claims. (DE 54-2 at 10; DE

40 at 30-31). Thus, the *per quod* claims must stand or fall with Mr. Walker's claims. (DE 54-2 at 10). Because the Court held that Mr. Walker cannot pursue his intentional torts against the City, neither can Ms. Walker. (*Id.*). Additionally, the City submits that because it is immune from the negligence-based claims, the *per quod* claim cannot stand on any negligence theory. (*Id.*) Indeed, Plaintiffs concede that the NIED claim was reasserted against the City in error. (DE 61 at 8).

Plaintiffs first assert that Ms. Walker's *per quod* claim is independent from the claims of her husband. (DE 61 at 11). However, as explained in the prior opinion, the *per quod* claim is derivative. (DE 40 at 30-31). Alternatively, Plaintiffs submit that the *per quod* claim "is viable as derivative of the claim in Count 1 [NJCRA] and Count 5 [§ 1983]." (DE 61 at 12). Count 5 asserts a Section 1983 Claim (Am. Compl. at 13), and Plaintiffs concede that a *per quod* claim "may not be based on any § 1983 violation." (DE 61 at 11; DE 40 at 29 n.1 (concluding that Section 1983 does not support a *per quod* claim)). Additionally, as explained in the Amended Opinion, State constitutional violations do not support claims for loss of consortium. (DE 40 at 29-30); *see also Armstrong v. Sherman,* No. 9-716, 2010 WL 2483911, at *5 (D.N.J. June 4, 2010) ("There is no reason to think that the New Jersey Supreme Court would hold that the state's constitution protects a husband or wife's right to marital comfort and spousal support. And the language of the New Jersey Civil Rights Act, like the language of 42 U.S.C. § 1983, appears to grant a cause of action only to those persons whose rights have been personally violated.").

Thus, neither the § 1983 claim nor the NJCRA claim, insofar as they are asserted against Newark, can support a *per quod* claim. Therefore, Count 7 must be dismissed as against the City.

### c. Constitutional Claims under Counts 1, 5, and 6

As to Plaintiffs' constitutional claims under Section 1983 and the NJCRA, Defendants submit that they "should be dismissed because there is no plausible allegation of conduct under color of the law." (DE 54-2). The

allegation that "someone" screamed "Newark Police," Defendants contend, is insufficient to raise "a plausible inference that the Officer Defendants took a police action because the person who makes the remark is completely unidentified in the Complaint." (*Id.*). I disagree; there is a plausible inference that it was the Newark Police who yelled "Newark Police," and that is sufficient to open up the issue for exploration in discovery.

In the Amended Opinion, the Court concluded that, for purposes of surviving a motion to dismiss, the initial complaint sufficiently pleaded that Defendants acted under color of law in assaulting and arresting Plaintiff:

> A prima facie case under § 1983 requires a plaintiff to demonstrate that: (1) a person deprived her of a federal right; and (2) the person who deprived her of that right acted under color of state law. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).
>
> Under element (2), "a state employee who pursues purely private motives and whose interaction with the victim is unconnected with his execution of official duties does not act under color of law"; nevertheless, "off-duty police officers who flash a badge or otherwise purport to exercise official authority generally act under color of law . . . informal, behind the scenes exertion of state authority is as much within the scope of § 1983 as the more usual examples of formal and open action leading to the denial of federal rights." *Ecotone Farm LLC v. Ward*, 639 F. App'x 118, 126 (3d Cir. 2016) (internal citations and quotations omitted).
>
> Mr. Walker alleges that the Individual Defendants announced that they were Newark Police in an effort to control the chaos at the lounge. The officers then restrained and handcuffed Mr. Walker. Those allegations are sufficient at this stage to establish that the officers, although then off-duty, were exercising state authority.

(DE 40 at 11).

The relevant factual allegations in the First Amended Complaint are, with inconsequential exceptions, the same as those in the initial Complaint. (*Compare* Compl. *with* 1AC). In both pleadings, Plaintiffs allege that, after Mr. Walker fired his gun, he heard "someone" yell "Newark Police." (Compl. ¶¶11-

9

13; 1AC ¶¶11-13). Plaintiff then "immediately laid down," and Defendants handcuffed and began kicking him. (Compl. ¶14; 1AC ¶14). Defendants then used a gun to hit Walker above his left eye. (Compl. ¶14; 1AC ¶14). Mr. Walker began bleeding as the kicking continued. (Compl. ¶¶15–16; 1AC ¶¶15-16).

Again, at this stage, I find those allegations – that the police announced their presence and restrained Mr. Walker – are sufficient to establish that Defendants were exercising state authority. (*See* DE 40 at 11). To be sure, a contrary inference could be drawn, but that is not the inquiry at this stage.

Defendants acknowledge that the Court has already found that the color-of-law requirement was met: "[A]s to the original complaint, the Court found that the color of law requirement was met because 'Mr. Walker alleges that the Individual Defendants announced that they were Newark Police in an effort to control the chaos at the lounge." (DE 54-1 at 13-14 (quoting (DE 38 at 11)). However, Defendants submit that the Plaintiffs have now, in the amended complaint, admitted the contrary. (*Id.* at 13). Defendants misread the record; the initial complaint and the First Amended Complaint contain the exact same allegations, described above, regarding when and how the police officers identified themselves. (*Compare* Compl. ¶¶12-13, *with* 1AC ¶¶12-13). In this respect, nothing has changed from the initial complaint; my ruling remains the same.

I find that the First Amended Complaint sufficiently establishes Defendants acted under color of law in restraining and then beating Plaintiff after allegedly identifying themselves as Newark Police Officers. Therefore, I decline to dismiss Plaintiffs' constitutional claims under Counts 1, 5, and 6.[5]

### III. Conclusion

For the reasons set forth above, I will grant in part and deny in party Defendant's motion (DE 54) to dismiss the First Amended Complaint.

---

[5] Count 1 alleges under the NJCRA the same violations that are alleged under Section 1983 in Counts 5 and 6. The parties have not suggested any distinction between the Count 1 claims under NJCRA and their Counts 5 and 6 counterparts under 42 U.S.C. § 1938.

10

Specifically, I will dismiss the **Count 7** *per quod* claim as against Newark. I will also dismiss the inadvertently added claims for punitive damage against Newark and the NIED claim against Newark under **Count 2**, and the claims related to false arrest under **Counts 5** and **6**. However, I decline to dismiss Plaintiffs' constitutional claims related to Defendants' alleged use of excessive force under **Counts 1, 5,** and **6**.

What remain of Plaintiffs' claims, then, are the following:

**Count 1**: NJCRA against all Defendants;
**Count 2**: NIED against Individual Defendants;
**Count 3**: IIED against the Individual Defendants;
**Count 4**: Assault against the Individual Defendants;
**Count 5**: Section 1983 (excessive force) against the Individual Defendants;
**Count 6**: Section 1983 (excessive force) against Newark
**Count 7**: (Per quod) against Individual Defendants.

An appropriate order follows.

Dated: April 29, 2021

/s/ Kevin McNulty

**Kevin McNulty**
**United States District Judge**